

CT Corporation
**Service of Process Notification**
06/10/2022
CT Log Number 541730194

## Service of Process Transmittal Summary

**TO:** Jeff Peterson
Landstar System Holdings, Inc.
13410 Sutton Park Dr S
Jacksonville, FL 32224-5270

**RE:** Process Served in Florida

**FOR:** Landstar Inway, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Re: JASON HODGES, GEORGE HODGES, and CALEB HODGES // To: Landstar Inway, Inc. |
| CASE #: | 41598 |
| NATURE OF ACTION: | Personal Injury - Vehicle Collision |
| PROCESS SERVED ON: | C T Corporation System, Plantation, FL |
| DATE/METHOD OF SERVICE: | By Traceable Mail on 06/10/2022 |
| JURISDICTION SERVED: | Florida |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 06/10/2022, Expected Purge Date: 06/15/2022 |
| | Image SOP |
| | Email Notification, Michael K. Kneller  mkneller@landstar.com |
| | Email Notification, Richard A. Clark  RCLARK1@LANDSTAR.COM |
| | Email Notification, Jeff Peterson  jpeterson2@landstar.com |
| | Email Notification, Don Stambaugh  dstambaugh@landstar.com |
| | Email Notification, John Neff  jneff@landstar.com |
| REGISTERED AGENT CONTACT: | C T Corporation System
1200 South Pine Island Road
Plantation, FL 33324
800-448-5350
MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT A

Page 1 of 1



**Tre Hargett**
Secretary of State

**Division of Business Services**
**Department of State**
State of Tennessee
312 Rosa L. Parks AVE, 6th FL
Nashville, TN 37243-1102

LANDSTAR INWAY, INC.
AKA/POE: C/O REGISTERED AGENT: CT CORPORATION SYSTEM
1200 SOUTH PINE ISLAND RD.
PLANTATION, FL  33324

06/06/2022

RE: JASON HODGES, GEORGE HODGES, AND CALEB HODGES,

VS: GEORGINA E. BYNUM AND LANDSTAR INWAY, INC.

## Notice of Service

The enclosed process, notice or demand is hereby officially served upon you by the Tennessee Secretary of State pursuant to Tennessee law. Please refer to the process, notice or demand for details concerning the legal matter. If you have any questions, please contact the clerk of the court that issued the process, notice or demand.

The process, notice or demand may have a court date and time that you must appear to defend yourself or the number of days from the date of service by which you are required to file an answer. Failure to appear in court at the time specified or failure to file an answer in the given time could result in a default judgement being rendered against you for relief sought in the lawsuit.

The Secretary of State's office cannot give you legal advice. If you need legal advice, please consult a private attorney.

Tre Hargett
Secretary of State

Enclosures: Original Documents

**DOCUMENT INFORMATION**
SOS Summons # : 12448896
Case #: 41598
Certified #: 9489009000276425766046

SS-4214 (Rev. 8/15)

RDA 1003

| Circuit Court of Washington County Jonesborough, Tennessee | STATE OF TENNESSEE<br>CIVIL SUMMONS<br>Page 1 of 1 | Case Number:<br>41598 |
|---|---|---|
| Jason Hodges, George Hodges, and Caleb Hodges v. Georgina E. Bynum and Landstar Inway, Inc. | | |

**Served On:**
Landstar Inway, Inc.
c/o Registered Agent: CT Corporation System
1200 South Pine Island Rd. Plantation, FL 33324

Filed _26th_ day of _May_ 20_22_ at _1:35_ o'clock _P_ M
Brenda Downes, Clerk

You are hereby summoned to defend a civil action filed against you in the Circuit Court For Washington County at Jonesborough, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney: Robert Bates at 2100 Reservoir Rd. Kingsport, TN 37660 423-765-1215 at robert@robertbateslaw.com. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Date & Time Issued: _May 26, 2022_    Clerk/Deputy Clerk: _Bui Hubbard DC_

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and schoolbooks. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### OFFICER'S RETURN:

Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I hereby certify and return, that on the _____ day of _____, 20_____, I served this summons together with a copy of the complaint herein as follows: by delivering a true copy of said summons and complaint to:

_____

_____

Date: _____    Signature/ Title: _____

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on_____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant_____ On_____ I received the return receipt, which had been signed by_____ on_____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Sworn to and subscribed before me on _____    Notary Public / Deputy Clerk: _____

My Commission Expires: _____

Legal Authority: Rule 4 of the Tennessee Rules of Civil Procedure

[Stamp: STATE OF TENNESSEE / SECRETARY OF STATE / 2022 JUN -2 AM 10:58 / THE MARK / RECEIVED]

[Stamp: I HEREBY CERTIFY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL DOCUMENT AS IT APPEARS AT THE WASHINGTON COUNTY CIRCUIT COURT / BRENDA DOWNES, CLERK / D.C.]

ADA - IF YOU HAVE A DISABILITY AND REQUIRE ASSISTANCE, PLEASE CONTACT (423) 788-1418



**Tre Hargett**
Secretary of State

**Division of Business Services**
**Department of State**
State of Tennessee
312 Rosa L. Parks AVE, 6th FL
Nashville, TN 37243-1102

BYNUM, GEORGINA E
455 BASS RD.
VILONIA, AR  72173

06/06/2022

RE: JASON HODGES, GEORGE HODGES, AND CALEB HODGES,

VS: GEORGINA E. BYNUM AND LANDSTAR INWAY, INC.

## Notice of Service

The enclosed process, notice or demand is hereby officially served upon you by the Tennessee Secretary of State pursuant to Tennessee law. Please refer to the process, notice or demand for details concerning the legal matter. If you have any questions, please contact the clerk of the court that issued the process, notice or demand.

The process, notice or demand may have a court date and time that you must appear to defend yourself or the number of days from the date of service by which you are required to file an answer. Failure to appear in court at the time specified or failure to file an answer in the given time could result in a default judgement being rendered against you for relief sought in the lawsuit.

The Secretary of State's office cannot give you legal advice. If you need legal advice, please consult a private attorney.

Tre Hargett
Secretary of State

Enclosures: Original Documents

| DOCUMENT INFORMATION | |
|---|---|
| SOS Summons #: | 12448967 |
| Case #: | 41598 |
| Certified #: | 9489009000276425766053 |

SS-4214 (Rev. 8/15)

RDA 1003

| Circuit Court of Washington County Jonesborough, Tennessee | STATE OF TENNESSEE CIVIL SUMMONS Page 1 of 1 | Case Number: 41598 |
|---|---|---|

Jason Hodges, George Hodges, and Caleb Hodges v. Georgina E. Bynum and Landstar Inway, Inc.

Filed 26 day of May 2022 at 1:35 o'clock P M
Brenda Downes, Clerk

**Served On:**
Georgina E. Bynum
455 Bass Rd. Vilonia, Arkansas 72173

You are hereby summoned to defend a civil action filed against you in the Circuit Court For Washington County at Jonesborough, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney: Robert Bates at 2100 Reservoir Rd. Kingsport, TN 37660 423-765-1215 at robert@robertbateslaw.com. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Date & Time Issued: May 26, 2022   Clerk/Deputy Clerk: _____ D/C

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and schoolbooks. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### OFFICER'S RETURN:
Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I hereby certify and return, that on the _____ day of _____, 20____, I served this summons together with a copy of the complaint herein as follows: by delivering a true copy of said summons and complaint to:

_____

_____

Date: _____   Signature/Title: _____

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____ On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Sworn to and subscribed before me on _____   Notary Public / Deputy Clerk: _____

My Commission Expires: _____

Legal Authority: Rule 4 of the Tennessee Rules of Civil Procedure

2022 JUN -2 AM 10:58
RECEIVED
STATE OF TENNESSEE

ADA - IF YOU HAVE A DISABILITY AND REQUIRE ASSISTANCE, PLEASE CONTACT (423) 788-1418

EXACT COPY OF THE ORIGINAL DOCUMENT AS IT APPEARS AT THE WASHINGTON COUNTY CIRCUIT COURT
BRENDA DOWNES, CLERK
_____ D.C.

# IN THE CIRCUIT COURT FOR WASHINGTON COUNTY
## AT JONESBOROUGH, TENNESSEE

| | |
|---|---|
| JASON HODGES, GEORGE HODGES, and CALEB HODGES, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) CIVIL ACTION NO. 41598 ) |
| GEORGINA E. BYNUM and LANDSTAR INWAY INC., | ) ) ) Filed __26__ day of ) __May__ 20 _22_ at ____ |
| Defendants. | ) _1:35_ o'clock ___P__ M |

Brenda Downes, Clerk

## COMPLAINT

The plaintiffs, Jason Hodges, George Hodges, and Caleb Hodges for their complaint against the above listed defendants for personal injuries resulting from an automobile accident that occurred on November 17, 2021, state as follows:

1. The plaintiff, Jason Hodges, is a citizen and resident of Washington County, Tennessee.

2. The plaintiff, George Hodges, is a citizen and resident of Washington County, Tennessee.

3. The plaintiff, Caleb Hodges, is a citizen and resident of Washington County, Tennessee.

4. The defendant, Georgina E. Bynum, is an individual who resides at 455 Bass Rd. Vilonia, Arkansas 72173.

5. The defendant, Landstar Inway, Inc., is a business with its principal place of business at 13410 Sutton Park Drive South Jacksonville, FL 32224 and can be served with service of process through its registered agent, CT Corporation System 1200 South Pine Island Rd. Plantation, FL 33324.

I HEREBY CERTIFY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL DOCUMENT AS IT APPEARS AT THE WASHINGTON COUNTY CIRCUIT COURT
BRENDA DOWNES, CLERK
_____ D.C.

*Hodges v. Landstar*
Complaint
Page 1

6. Defendant Bynum and Defendant Landstar Inway, Inc. can be served through the Secretary of State pursuant to *Tenn. Code Ann.* § 20-2-203.

7. The owner of the vehicle involved in this collision was Landstar Inway, Inc.

8. At the time of the wreck, Defendant Bynum was in the course and scope of her employment with defendant, Landstar Inway, Inc.

9. Landstar Inway, Inc. is vicariously liable for the actions of its employee or agent, Defendant Bynum, that caused plaintiffs' injuries under respondeat superior.

10. On or about November 17, 2021, the plaintiff, Jason Hodges, was driving a Ford F-350, VIN:1FTSW31R88EB80770, in the left lane on the westbound exit ramp at Interstate 26 and North State of Franklin Rd. in Johnson City, Tennessee.

11. Plaintiffs George Hodges and Caleb Hodges were passengers in the vehicle driven by Jason Hodges.

12. At or about the same time, the defendant, Georgina E. Bynum, was driving a Kenworth Semi-Truck, VIN: 1XKYDP9X8HJ119361, in the right lane on the westbound exit ramp at Interstate 26 and North State of Franklin Rd. in Johnson City, Tennessee.

13. The defendant attempted to turn left, crossing into the plaintiff's lane of travel, causing a collision, which resulted in injuries to the plaintiffs.

14. As a direct and proximate result of the conduct, duties, actions and/or inactions of the defendants, the plaintiffs suffered personal injuries.

15. The defendant, Georgina E. Bynum, is liable for common law negligence because:

SECRETARY OF STATE
2022 JUN -2 AM 10:58
STATE OF TENNESSEE
RECEIVED

a. The defendant owed a duty to Plaintiffs and to the public as a whole to operate her vehicle with proper care and caution for other users of the highway and pedestrians.

b. The defendant failed to maintain a proper lookout ahead in the direction in which she was driving.

c. The defendant failed to see and be aware of what was in her view.

d. The defendant failed to act reasonably under the circumstances.

e. The defendant failed to use reasonable care to avoid an accident.

16. The defendant, Georgina E. Bynum, was guilty of negligence per se by violating the provisions of laws of the State of Tennessee as follows:

    a. *Tenn. Code Ann.* § 55-8-136 **Drivers to Exercise Due Care** – (b) Notwithstanding any speed limit or zone in effect at the time, or right of way rules that may be applicable, every driver of a motor vehicle shall exercise due care to avoid colliding with any other motor vehicle, either being driven or legally parked, upon any roadway, or any road sign, guard rail or any fixed object legally placed within or beside the roadway right of way, by operating the motor vehicle at a safe speed, by maintaining a safe lookout, by keeping the motor vehicle under proper control and by devoting full time and attention to operating the motor vehicle, under the existing circumstances to avoid endangering life, limb or property;

    b. *Tenn. Code Ann.* § 55-8-123. **Driving on roadways laned for traffic.** -- Whenever a roadway has been divided into two (2) or more clearly marked lanes for traffic, the following rules, in addition to all other consistent herewith, shall apply: (1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made in safety.

17. The defendant, Landstar Inway, Inc., is jointly and severally liable for the injuries and damages sustained by the plaintiffs, as set out in *Tenn. Code Ann.* § 55-10-311, which states:

    a. *Tenn. Code Ann.* § 55-10-311 – **Prima Facie Evidence of Ownership of Automobile and Use in Owner's Business.** (a) In all actions for injury to persons and/or to property cause by the negligent operation or use of any automobile, auto truck,



motorcycle, or other motor propelled vehicle within this state, proof of ownership of such vehicle shall be prima facie evidence that the vehicle at the time of the cause of action sued on was being operated and used with authority, consent and knowledge of the owner in the very transaction out of which the injury or cause of action arose, and such proof of ownership likewise shall be prima facie evidence that the vehicle was then and there being operated by the owner, or by the owner's servant, for the owner's use and benefit and within the course and scope of the servant's employment. The prima facie evidence rules of the preceding sentence shall also apply in cases of the negligent operation of a vehicle being test-driven by a prospective purchaser with the knowledge and consent of the seller or the seller's agent, whether or not the seller or the seller's agent is present in the vehicle at the time of the alleged negligent operation.

18. The negligent actions and conduct of the defendants were the cause in fact and proximate cause of the damages and injuries to the plaintiffs.

19. As a direct and proximate consequence of the conduct and actions of the defendants, the plaintiffs suffered severe personal injuries and great pain of body and mind.

20. As a direct and proximate result of the conduct, actions, and duties of the defendants, the plaintiffs suffered, and is therefore entitled to recover for the following damages: loss of capacity for the enjoyment of life, lost earning capacity, lost wages, medical expenses in the past and future, mental pain and suffering in the past and future, permanent impairment, and physical pain and suffering in the past and future.

WHEREFORE, PLAINTIFF DEMANDS:

1. That service of process issue forth upon the defendant(s) requiring them to answer this Complaint within the time required by law.

2. That the plaintiff, Jason Hodges, recovers from the defendants, compensatory damages as set forth above in an amount not to exceed $250,000.

3.  That the plaintiff, George Hodges, recovers from the defendants, compensatory damages as set forth above in an amount not to exceed $100,000.

4.  That the plaintiff, Caleb Hodges, recovers from the defendants, compensatory damages as set forth above in an amount not to exceed $100,000.

5.  That plaintiffs have general further relief and that the defendants be taxed with the costs of this cause, including all costs and expenses incurred as result of the preparation and presentation of the plaintiff's claim.

Respectfully submitted,

Jason Hodges

By: *[signature]*
Jason Hodges

George Hodges

By: *[signature]*
George Hodges

Caleb Hodges

By: *[signature]*
Caleb Hodges

APPROVED FOR ENTRY:

ROBERT BATES & ASSOCIATES, PLLC

*[signature]*

Robert Bates, BPR #30067
Attorney for Plaintiff
2100 Reservoir Rd.
Kingsport, TN 37660
robert@robertbateslaw.com
Phone: 423-765-1213
Fax: 423-244-0965

RECEIVED
STATE OF TENNESSEE
2022 JUN -2 AM 10:58
THE HARGETT
SECRETARY OF STATE

## COST BOND

I acknowledge myself as surety in this action for costs.

Principal,

*Jason Hodges*

By: *[signature]*

Jason Robert Hodges

*George Hodges*

By: *[signature]*

George Hodges

*Caleb Hodges*

By: *[signature]*

Caleb Hodges

SURETY:

ROBERT BATES & ASSOCIATES, PLLC

*[signature]*

Robert Bates, BPR #30067
Attorney for Plaintiff
2100 Reservoir Rd.
Kingsport, TN 37660
robert@robertbateslaw.com
Phone: 423-765-1213
Fax: 423-244-0965

COPY

| | |
|---|---|
| JASON HODGES, GEORGE HODGES, and CALEB HODGES, <br> Plaintiffs, <br><br> vs. <br><br> GEORGINA E. BYNUM and LANDSTAR INWAY INC., <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 41598 <br> ) Filed 26 day of <br> ) May 2022 at <br> ) 1:35 o'clock __ M <br> ) |

## NOTICE OF UNINSURED/UNDERINSURED MOTORIST

Notice is hereby given that the above-styled Defendants are uninsured/underinsured motorists and that the Plaintiffs are relying upon the uninsured/underinsured motorist coverage, and that this copy of the Complaint in this cause is to be served upon the insurance carrier through the Commissioner of Insurance, said insurance company and policy information being as follows:

Selective Insurance Company of America
40 Wantage Ave.
Branchville, NJ 07890
NAIC Number: 12572
Policy Number: 52450771

Respectfully Submitted:

ROBERT BATES & ASSOCIATES, PLLC

Robert Bates, BPR #30067
Attorney for Plaintiff
2100 Reservoir Rd.
Kingsport, TN 37660
robert@robertbateslaw.com
Phone: 423-765-1213
Fax: 423-244-0965

[Stamp: SECRETARY OF STATE / THE HARPETH / 2022 JUN -2 AM 10:58 / STATE OF TENNESSEE / RECEIVED]